**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**ODIS HAMRIC
Reg. #22995-076**                                                                                            **PLAINTIFF**

V.                         CASE NO. 2:10CV00111 BSM-BD

**C.E. MILLER, et al.**                                                                                       **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.      Procedures for Filing Objections:**

The following Recommended Disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

      Mail your objections and/or request for a hearing to:

           Clerk, United States District Court
           Eastern District of Arkansas
           600 West Capitol Avenue, Suite A149
           Little Rock, AR 72201-3325

**II.     Introduction:**

Plaintiff, an inmate at the Forrest City Federal Prison Camp, filed this case pro se under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971). (Docket entry #2)  In his Complaint, Plaintiff requests that the Court reconsider his residential re-entry center ("RRC") placement and alleges that he has been denied access to the grievance process.  Plaintiff has failed to state a constitutional claim.  Accordingly, the Court recommends that Plaintiff's claims be dismissed.

**III.    Discussion:**

To state a cognizable *Bivens* claim, a plaintiff must allege that the conduct of a defendant acting under color of federal law deprived him of a right, privilege, or immunity secured by the United States Constitution or by laws of the United States. Although "detailed factual allegations are not required," the complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, --- U.S. ----, 129 S.Ct. at 1940.

"Though pro se complaints are to be construed liberally, see *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285(1976), they still must allege sufficient facts to support the claims advanced."  *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Here, Plaintiff requests that the Court reconsider his placement in an RRC.  The

Bureau of Prisons ("BOP") is responsible for the placement and transfer of federal inmates under 18 U.S.C. § 3621. When determining RRC placement, the BOP is required only to consider the request "in good faith." *Miller v. Whitehead*, 527 F.3d 752, 758 (8th Cir. 2008) (quoting *Fults v. Sanders*, 442 F.3d 1088, 1089 (8th Cir. 2006)). The BOP retains broad discretion under 18 U.S.C. § 3621(b), and courts review the BOP's decisions for abuse of its "substantial discretion." *Fegans v. United States*, 506 F.3d 1101, 1102-1105 (8th Cir. 2007). Unfortunately for Plaintiff, because he is challenging the manner in which his criminal sentence is being executed, this claim can be brought only in a habeas petition, under 28 U.S.C. § 2241.

In addition, although Plaintiff alleges that he has been denied access to the grievance process, the Eighth Circuit has ruled that inmates do not have a liberty interest in the administrative remedy procedure. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Id*. (internal citations omitted). Accordingly, this claim fails as well.

## IV.  Conclusion:

The Court recommends that Plaintiff's claim regarding his RRC placement be dismissed without prejudice and that his claim regarding access to the grievance procedure be dismissed with prejudice. The Court further recommends that the District Court certify that an *in forma pauperis* appeal of this matter would be frivolous and not

3

taken in good faith.

DATED this 16th day of August, 2010.

_____
UNITED STATES MAGISTRATE JUDGE